CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
10/21/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FRANK WESLEY WADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:26-cv-00066 |
| | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAGISTRATE DANA COON, | ) | |
| | ) | By: Hon. Thomas T. Cullen |
| Defendant. | ) | United States District Judge |

---

Plaintiff Frank Wesley Wade, proceeding *pro se*, filed this action against Magistrate Dana Coon ("Magistrate Coon") under 42 U.S.C. § 1983.[1] (*See* Compl. [ECF No. 1].) Wade alleges that Magistrate Coon violated his constitutional rights during a previous criminal investigation and prosecution in the Circuit Court of Rockingham County, Virginia.

This matter is before the court on Wade's motion for leave to proceed *in forma pauperis*. (*See* ECF No. 2.) Because the court finds that Wade's application satisfies the necessary standard, the court will grant his motion. But after undertaking its independent duty to screen initial filings under 28 U.S.C. § 1915(e), the court will dismiss the action in its entirety.

---

[1] After brief research, the court was unable to identify a magistrate in the Circuit Court of Rockingham County, Virginia, with the name "Dana Coon." In related cases arising from the same factual allegations, Wade references Judges "Cool" and "Danner," neither of whom is a judge in Rockingham County. (*See, e.g.*, ECF No. 1 [Case No. 5:26-cv-00075].) Cognizant of its duty to construe Wade's complaint liberally, the court infers that Wade's allegations are directed towards a magistrate named Stephanie Cool-Danner. The court still refers to Magistrate Coon for consistency with Wade's filing, but even if the court were to substitute Magistrate Cool-Danner's name in the analysis, Wade's claims would be subject to dismissal.

## I. Statement of Facts and Procedural Background

The facts are recited as Wade alleges them in his complaint, and, at this stage, the court accepts the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Wade's claims against Magistrate Coon stem from the events leading up to his state prosecution on a charge of aggravated malicious wounding. (*See* Compl. ¶ 4.) The state charge arose from an altercation between Wade and an alleged intruder at Wade's residence.[2] (*See id.* ¶¶ 1–3.) During the investigation of the altercation, Magistrate Coon purportedly "authorized warrantless searches and actively participated in the forgery or unlawful issuance of search warrants targeting [Wade's] residence without probable cause." (*Id.* ¶ 4 & § III.) Wade asserts that Magistrate Coon's actions caused "wrongful detention, severe mental suffering, and the total loss of his home and employment" before his March 2026 acquittal. (*Id.* ¶ 5.)[3]

Wade filed suit against Magistrate Coon under 42 U.S.C. § 1983, alleging that she violated his Fourth Amendment rights and right to privacy. (*Id.* § III.) After filing his complaint against Magistrate Coon, Wade filed a motion for leave to proceed *in forma pauperis*, which is ripe for disposition. (*See* ECF No. 2.)

---

[2] In his complaint, Wade alleges that the incident at his residence took place on January 31, 2026, but in the materials he attaches to his complaint, he states that the incident took place on January 31, 2025. To clarify the inconsistency, the court takes judicial notice of the official records of the Rockingham County Circuit Court, which list the offense date as January 31, 2025. See Online Case Information System 2.0, Virginia Judiciary (2026), available at https://eapps.courts.state.va.us/ocis/landing.

[3] In an attachment to the complaint, Wade devotes considerable attention to the alleged wrongdoing of Craig Foster, an apparent jailhouse informant who was supposed to testify (but never did) against Wade at his state trial. (*See* Compl. Attach. 1.) Because Foster's significance to Wade's claims against Magistrate Coon is unspecified, because he is not listed as a defendant, and because Wade's allegations against him are not only vague, but somewhat indecipherable, the court will not address those issues.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). When screening, the court should liberally construe the filings of *pro se* litigants, using a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* plaintiff must still state a plausible claim for relief, *see Ashcroft*, 556 U.S. at 679, and the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does

[4] A complaint is also subject to summary dismissal if it is determined to be "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "seeks monetary relief against a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii). As noted below, Magistrate Coon is protected by absolute immunity, and thus the claims against her are also subject to dismissal under § 1915(e)(2)(B)(iii).

not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. Discussion

Because the court finds that Wade's application to proceed *in forma pauperis* satisfies the necessary standard, *see* 28 U.S.C. § 1915(a), the court will grant his motion. But § 1915(e) requires a court to screen a plaintiff's initial filing for plausibility and subject-matter jurisdiction. 28 U.S.C. § 1915(e). For the following reasons, the court concludes that Wade's complaint must be dismissed.

First, each of Wade's claims against Magistrate Coon fails because she is protected by absolute judicial immunity. *See Clay v. Osteen*, No. 1:10cv399, 2010 WL 4116882, at *3 (M.D.N.C. Oct. 19, 2020) ("[C]laims of judicial immunity are generally reviewed under Fed. R. Civ. P. 12(b)(6) . . . ."). The doctrine of judicial immunity protects judges and other judicial officers from § 1983 suits seeking both damages and injunctive relief. *See DeBelardino v. Miyares*, No. 2:23-cv-225, 2024 WL 1466811, at *5 (E.D. Va. Mar. 4, 2024) (listing cases). "It applies even to judicial acts flawed by the commission of grave procedural errors, and protects even actions alleged to have been done maliciously or corruptly." *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (internal quotation marks and citations omitted). The protection of this doctrine lapses only when a judge performs a nonjudicial action (*i.e.* an action "not taken in

the judge's judicial capacity"),[5] or when a judge acts within her judicial role but lacks the jurisdiction to do so. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). In all other circumstances, judges are entitled to judicial immunity so they may "exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation." *Lesane v. Spencer*, No. 3:09-cv-012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009). And magistrates, as judicial officers, are "entitled to absolute immunity under the same conditions as are judges." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992).

Having reviewed Wade's complaint, the court concludes that Magistrate Coon is entitled to absolute judicial immunity. Wade has alleged that the purported misconduct occurred while Magistrate Coon was issuing a search warrant to assist authorities during their investigation of the altercation at Wade's home. (Compl. ¶ 4.) Under Virginia law, "a state magistrate has authority and jurisdiction . . . to issue search warrants." *Hawkins v. City of Richmond*, No. 3:16-cv-00216, 2016 WL 4992097, at *3 (E.D. Va. Sept. 16, 2016) (citing Va. Code § 19.2-45). Because there is no plausible suggestion that Magistrate Coon acted outside her judicial capacity or in the "clear absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 357 (1978), Magistrate Coon is shielded from Wade's claims by judicial immunity.

Even if Wade's claims were not barred by judicial immunity, his complaint against Magistrate Coon would still be subject to dismissal for failure to state a claim upon which relief may be granted. Wade states, in conclusory fashion, that Magistrate Coon unlawfully issued search warrants that targeted Wade's residence. (*See* Compl. ¶ 4 & § III.) While a *pro se*

[5] "A judicial function" is determined by "whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

complaint must be construed liberally, it "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). Wade's complaint against Magistrate Coon plainly fails to satisfy this requirement. *See Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (noting that *pro se* pleadings, like counseled ones, must "contain 'more than labels and conclusions'" (quoting *Twombly*, 550 U.S. at 555)).

## IV. CONCLUSION

For the reasons discussed above, the court will grant Wade's motion for leave to proceed *in forma pauperis*, but it will dismiss his complaint under 28 U.S.C. § 1915(e)(2)(B).

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Wade.

**ENTERED** this 21st day of October, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE